UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN SELECT
INSURANCE CO., *et al.*,

      Plaintiffs,

Case No. 23-cv-11942
Hon. Matthew F. Leitman

v.

GREAT LAKES WATER
AUTHORITY, *et al.*,

      Defendants.

_____/

## ORDER (1) DENYING DEFENDANTS CITY OF DETROIT'S AND DETROIT WATER AND SEWERAGE DEPARTMENT'S MOTION TO STRIKE THIRD AMENDED COMPLAINT (ECF No. 43) AND (2) GRANTING DEFENDANT GREAT LAKES WATER AUTHORITY'S MOTION TO STAY (ECF No. 40)

This action arises out of a period of rainfall in June of 2021 that caused an overflow and/or backup of sewer systems in the counties of Wayne, Oakland, and Macomb, Michigan. (*See* Third Am. Compl., ECF No. 37.)  Plaintiffs American Select Insurance Company, Westfield Insurance Company, and Westfield National Insurance Company claim that the backup damaged their insureds' properties and homes. (*See id*.)  Plaintiffs assert a claim against Defendants Detroit Water and Sewerage Department and City of Detroit (the "Detroit Defendants") and Great Lakes Water Authority ("GLWA") for allegedly designing, operating and maintaining a sewage disposal system that they knew to be defective. (*See id.*)  Now

1

before the Court are two motions: (1) a motion to strike Plaintiffs' Third Amended Complaint (ECF No. 43) filed by the Detroit Defendants, and (2) a motion to stay (ECF No. 40) filed by GLWA.  For the reasons explained below, the motion to strike (ECF No. 43) is **DENIED**.  The motion to stay (ECF No. 40) is **GRANTED**.

**I**

From June 25 through June 26, 2021, "bursts of heavy rain in Wayne County, MI resulted in mass flooding throughout the county." (Third Am. Compl. at ¶ 15, ECF No. 37, PageID.491.)  The rainfall "significantly exceeded the capacity of the Defendants' sewage disposal systems," which caused an overflow and allegedly damaged properties throughout the county. (*Id.* at ¶ 16.)

Plaintiffs are insurance companies that provide property insurance to "approximately 1,400 insureds" in Wayne, Oakland, and Macomb counties. (*Id.* at ¶ 1-3, PageID.486.)  Plaintiffs filed this action alleging, generally, that there were defects in the Defendants' disposal systems that Defendants failed to repair and that did not meet the standards set by state agencies. (*See id.* at ¶¶ 19-22, ECF No. 37, PageID.492.)  As a result, Plaintiffs claim that the sewage disposal system "caused water and other liquids to overflow" onto their insureds' property, causing damage. (*Id.* at ¶¶ 16-17, PageID.491.)  This action followed.

**II**

The Court begins with the motion to strike the Third Amended Complaint filed by the Detroit Defendants. (*See* Mot. to Strike, ECF No. 43.)  Plaintiffs filed their original Complaint in this action on August 7, 2023. (*See* Compl., ECF No. 1.) Two months later, Plaintiffs filed a First Amended Complaint (*see* First Am. Compl., ECF No. 16.)  The Court held a status conference to discuss the First Amended Complaint.  During the conference, the Defendants took the position that Plaintiffs' First Amended Complaint failed to state a viable claim. (*See* Order, ECF No. 21, PageID.127.)  The Court directed the parties to conduct a meet and confer in which the Defendants were to "identify" for Plaintiffs "any and all alleged deficiencies in the First Amended Complaint." (*Id.*)  And the Court instructed the parties that it did "not anticipate allowing Plaintiffs another opportunity to amend to add factual allegations that they could now include in a Second Amended Complaint. Simply put, this is Plaintiffs' opportunity to amend their allegations to cure any alleged deficiencies that Defendants identify in their claims during the meet and confer." (*Id.*, PageID.128.)  The parties thereafter held the meet and confer, and Plaintiffs filed a Second Amended Complaint. (*See* Second Am. Compl., ECF No. 23.)

The Detroit Defendants filed a motion to dismiss the Second Amended Complaint on December 11, 2023. (*See* Mot. to Dismiss, ECF No. 25.)  GLWA filed a motion for judgment on the pleadings. (*See* Mot. for Judgment, ECF No. 28.)

On July 1, 2024, the Court held a hearing on the motion to dismiss the Second Amended Complaint and the motion for judgment on the pleadings. (*See* 07/01/2024 Mot. Hr'g Tr., ECF No. 39.)  Following the hearing, the Court granted Plaintiffs leave to file a Third Amended Complaint. (*See* Order, ECF No. 36, PageID.483.) However, the Court imposed a condition on Plaintiffs' filing of a Third Amended Complaint: that "Plaintiffs shall pay the reasonable attorneys' fees for the portions of [both] Defendants' motions and reply briefs addressing allegations that the system at issue was defectively designed because it was not designed to handle a foreseeable amount of rain." (Order, ECF No. 36, PageID.464.)

On July 23, 2024, Plaintiffs filed a Third Amended Complaint – the operative Complaint in this action. (*See* Third Am. Compl., ECF No. 37.)  The Detroit Defendants filed a motion to strike the Third Amended Complaint on the grounds that Plaintiffs failed to comply with the Court's condition for filing a Third Amended Complaint – namely, that Plaintiffs have not paid the Detroit Defendants' attorneys' fees. (*See* Mot. to Strike, ECF No. 43.)  The Detroit Defendants stated that "Plaintiffs' counsel requested unredacted copies of the City's bills for review, which the City's counsel promptly sent the same day." (*Id.*, PageID.856.)  The Detroit Defendants stated that the City of Detroit has "since sent additional requests for payment." (*Id.*)

Plaintiffs respond that they "had and have every intention" to pay the reasonable attorneys' fees, and that, indeed, they have already paid the fees of GLWA. (Resp., ECF No. 55, PageID.1131.)  However, they contend that the Detroit Defendants have "overcharge[ed] for work outside the scope of the court's order." (*Id.*, PageID.1132-1133.)  Plaintiffs say they will pay "reasonable attorneys' fees" "upon the Court's evaluation of the reasonable fees involved here." (*Id.*, PageID.1134.)

The Court believes the parties to be acting in good faith.  Specifically, the Court notes that Plaintiffs have paid GLWA's attorneys' fees and promise to pay the fees of the Detroit Defendants upon the Court conducting an evaluation of reasonableness.  The Court believes that Plaintiffs will pay, and the Court believes that Plaintiffs have a reasonable basis for raising questions about the amount of fees sought.  Under these circumstances, the most reasonable course of action is to decline to strike the Third Amended Complaint and to direct the parties to continue to work together to resolve the dispute over the amount of the fee to be paid.  If the parties cannot resolve the dispute, the Court will do so.  Accordingly, the Court will **DENY** the Detroit Defendants' motion to strike the Third Amended Complaint (ECF No. 43).

**III**

**A**

The Court now turns to GLWA's motion to stay this action pending a decision by the Michigan Court of Appeals (*see* ECF No. 40) in a series of consolidated cases based on the same underlying events and containing many of the same allegations against the same Defendants that are present in this action (the "Michigan Cases"):

- *Dubrulle, et al. v. Great Lakes Water Authority, et al.* (No. 21-014057);

- *Bulka, et al. v. Great Lakes Water Authority, et al.* (No. 21-008465);

- *Adams, et al. v. Great Lakes Water Authority, et al.* (No. 21-008745);

- *Lanell, et al. v. Great Lakes Water Authority, et al.* (No. 21-009030);

- *Andrzejczak, et al. v. Great Lakes Water Authority, et al.* (No. 21-013480);

- *Bearse, et al. v. Great Lakes Water Authority, et al.* (No. 21-013979);

- *Brady, et al. v. Great Lakes Water Authority, et al.* (No. 21-013987);

- *Achtabowski, et al. v. Great Lakes Water Authority, et al.* (No. 21-014161);

- *Chas. Verheyden, Inc., et al. v. Great Lakes Water Authority, et al.* (No. 22-003449)

(*See* Cir. Ct. Op. & Orders, ECF Nos. 40-2, 40-3.)   The Michigan cases were dismissed by the Wayne County Circuit Court because Plaintiffs "failed to satisfy multiple prongs of" the Sewer Disposal System Event exception (the "SDSE Exception") to the governmental immunity established by the Michigan Tort

Liability Act, Mich. Comp. Laws § 691.1407(1). (*See id.*, PageID.807, 830-831.)

Appeals from those decisions are now pending in front of the Michigan Court of

Appeals.  The Michigan Court of Appeals held oral argument on those cases on

January 5, 2025.  GLWA seeks a stay on the basis that (1) the Michigan Cases

involve the SDSE Exception that is also at issue in this case and (2) a decision from

the Michigan Court of Appeals may provide important guidance concerning the

interpretation and application of that exception. (*See* Mot., ECF No. 40.)

## B

"Trial courts have broad discretion and inherent power to stay discovery until

preliminary questions that may dispose of the case are determined." *Hahn v. Star*

*Bank*, 190 F.3d 708 (6th Cir. 1999).  To determine whether a stay is warranted,

"courts routinely consider at least the following factors: (1) whether a stay will

simplify the issues in the case or conserve judicial resources; (2) whether a stay will

unduly prejudice or present a clear tactical disadvantage to the non-moving party;

and (3) whether discovery is complete and when (or whether) a trial date has been

set." *Dura Global Techs., LLC v. Magna Intern. Inc.*, No. 11-cv-10551, 2011 WL

5039883, at *6 (E.D. Mich. Oct. 24, 2011).

## C

The Court believes a stay pending a decision by the Michigan Court of

Appeals in the Michigan Cases is warranted here.  First, there is a reasonable

probability that a decision by the Court of Appeals will clarify and simply the issues in this case.   There is not much Michigan law on the SDSE Exception, and the Michigan Court of Appeals may well provide important guidance to this Court with respect to that exception.   And the Court will benefit substantially from such guidance because GLWA has moved for judgment on the pleadings (ECF No. 47) and the Detroit Defendants have moved to dismiss the Third Amended Complaint (ECF No. 46), and both of those motions present arguments related to the SDSE Exception.

Plaintiffs counter that the issues in the Michigan Cases will not provide this Court with guidance because "the state court has entirely distinct procedural protocols" for establishing "when a claim may arguably run afoul of governmental immunity." (Resp., ECF No. 54, PageID.1125.)   They highlight that under the Michigan Court Rules, the Michigan courts consider evidence when addressing a pre-answer motion to dismiss based upon governmental immunity while, in contrast, this Court may consider only the pleadings. (*See id.*)   Thus, they suggest, an analysis of the evidence bearing on the SDSE Exception in any decision by the Michigan Court of Appeals will not be helpful at this stage of this case. (*See id.*)   The Court acknowledges the difference in procedures, but the Court believes that a decision by the Michigan Court of Appeals will nonetheless be helpful here.   Even if such a decision focuses on an evidentiary record, it will necessarily involve an

interpretation and application of the SDSE Exception, and that legal analysis will likely aid this Court.

Second, the Court does not believe that a stay in this matter will cause undue prejudice to the Plaintiffs or provide any unfair tactical disadvantage to Defendants. While a stay may cause some delay in Plaintiffs' prosecution of their claims, the Court does not believe that the delay rises to the level of material and unfair prejudice. Moreover, the Court does not anticipate a lengthy delay, as the Michigan Court of Appeals heard oral argument on the Michigan Cases on January 5, 2025.

Third, and finally, a stay is appropriate at this stage of the case. Discovery has not yet begun, and no trial date has been set. Plaintiffs have filed a Third Amended Complaint and the Court has yet to decide Defendants' dispositive motions on that Complaint – both of which assert the SDSE Exception as grounds for dismissal. (*See* Mot. to Dismiss, ECF No. 46, PageID.1006-1007; Mot. for Judgment, ECF No. 47, PageID.1054.) And as stated above, the Court believes that guidance from the Michigan Court of Appeals will simplify the issues in front of the Court on those motions.

## IV

For all of the reasons explained above, the Detroit Defendants' motion to strike (ECF No. 43) is **DENIED**. GLWA's motion to stay (ECF No. 40) is

**GRANTED**.  All deadlines in this action are **STAYED** pending a decision by the

Michigan Court of Appeals on the Michigan Cases.

      **IT IS SO ORDERED.**

                                          s/Matthew F. Leitman
                                          MATTHEW F. LEITMAN
                                          UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2025


      I hereby certify that a copy of the foregoing document was served upon the
parties and/or counsel of record on February 20, 2025, by electronic means and/or
ordinary mail.

                                            s/Holly A. Ryan
                                          Case Manager
                                          (313) 234-5126